1

2

3

4

5

6

7

8                     **IN THE UNITED STATES DISTRICT COURT**

9                     **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    LUIS MANUEL GARCES,                    No.  2:23-CV-1997-DMC-P

12                   Plaintiff,

13            v.                             ORDER

14    GAVIN NEWSOM, et al.,

15                   Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint.  See ECF No. 1.

19            The Court is required to screen complaints brought by litigants who, as here, have

20    been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under this

21    screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B).

24    Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an

25    action if the Court determines that it lacks subject matter jurisdiction.  Pursuant to Rule 12(h)(3),

26    the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

27    / / /

28    / / /

                                              1

# I.   PLAINTIFF'S ALLEGATIONS

Plaintiff Luis Manuel Garces ("Plaintiff") is a current inmate at California State Prison, Corcoran ("CSPC").  Plaintiff names the following Defendants: (1) Gavin Newsom, California State Governor ("Defendant Newsom"); (2) Ralph M. Diaz, Former Secretary of California Department of Corrections and Rehabilitation ("CDCR") ("Defendant Diaz"); (3) Kathleen Allison, California State Prison Director ("Defendant Allison"); (4) S. Alfaro ("Defendant Alfaro"); (5) C. Vanenburg, California Corrections Institution Specialist at CDCR ("Defendant Vanenburg"); (6) B. Moak, employee of CDCR ("Defendant Moak"); (7) S. Smith, employee of CDCR ("Defendant Smith"); (8) Redmon, employee of Kern Valley State Prison ("KVSP") ("Defendant Redmon"); (9) J. Sherman, employee of CSPC ("Defendant Sherman"); (10) Duran, employee of CSPC ("Defendant Duran"); (11) Quezada, employee of CSPC ("Defendant Quezada"); (12) Kirby, employee of KVSP ("Defendant Kirby"); and (13) R. Hernandez ("Defendant Hernandez").  See ECF No. 1, at 1-4.  Plaintiff's first cause of action is deliberate indifference to a prison condition against Defendant Newsom and Defendant Diaz.  See id. at 5.  Plaintiff then generally asserts all Defendants collectively violated Plaintiff's constitutional rights to be free from cruel and unusual punishment and in Defendants' conspiracy to cause Plaintiff harm.  See id. at 13.  Lastly, Plaintiff includes factual allegations of Defendant Quezada allegedly violating Plaintiff's constitutional right by failing to prevent excessive force and sexual assault.  See id. at 12.

## A.   **Background**

Plaintiff asserts that since January of 2008, Plaintiff has suffered constant threats of stabbings from gang members at CSPC.  See id. at 28.  Plaintiff states he repeatedly requested to be moved to a facility away from these gang members but was denied.  See id.  Plaintiff subsequently appealed this decision to the second level of review, to be transferred to High Desert State Prison.  See id. at 29.  Plaintiff alleges prison records were suppressed in July of 2014 and that he was forced into new housing circumstances.  See id.  Later, Plaintiff was wrongly accused of fighting with his inmate and transferred to a housing unit with an alleged gang member.  See id.  On February 23, 2015, Plaintiff was allegedly assaulted by this inmate.  See id.  In 2016,

1   Plaintiff claims CDCR personnel knowingly moved Plaintiff to a new housing assignment with

2   another alleged gang member.  See id. at 30.  In 2017, Plaintiff requested a new housing

3   assignment and was denied.  See id.  From 2017 through 2018, Plaintiff alleges Defendants

4   engaged in the later described conspiracy to hide information validating Plaintiff's safety

5   concerns and CDCR alleged improper housing assignments.  See id. at 30-31.

6           **B.**   **Allegations Against Defendants**

7                   1.      Defendants Newsom, Diaz, and Allison

8                   Plaintiff claims Defendant Newsom knowingly failed to supervise CSPC

9   employees and their creation of illegitimate prison rules.  See id. at 5.  Plaintiff claims he was

10  intentionally housed with violent inmates and wrongfully charged with a Rules Violation Report

11  ("RVR") 115.  See id.  Furthermore, Plaintiff alleges Defendant Diaz knowingly allowed

12  sergeants and wardens to create their own policies and customs.  See id.  Similarly, Plaintiff

13  alleges Defendant Allison also knowingly permitted this harm to Plaintiff and separately on

14  March 8, 2019, ordered Plaintiff to be housed with the use of force.  See id. at 6.  Plaintiff claims

15  Defendant Allison's actions caused Plaintiff to suffer two assaults, on June 12, 2019, and

16  November 5, 2021, from CDCR authorities and the wrongful charge of RVR 115.  See id.

17                  2.      Defendants Alfaro and Moak

18                  Plaintiff further asserts that Defendant Alfaro violated his constitutional rights, in

19  Defendant Alfaro's participation in the creation of allegedly false testimony that supported

20  Defendant Allison's decision to house Plaintiff.  See id. at. 7.  Plaintiff also alleges Defendant

21  Moak violated his rights in providing Defendant Allison false information regarding the violent

22  nature of inmates at Plaintiff's proposed housing unit.  See id.  Therefore, Plaintiff claims

23  Defendant Moak's actions also resulted in the June 12, 2019, and November 5, 2021, assaults.

24  See id. at 8.

25  / / /

26  / / /

27  / / /

28  / / /

3

1          3.      Defendants Seibel, Sherman, Smith, and Redmon

2          Plaintiff has also alleged Defendant Seibel provided false information and failed to

3   review Plaintiff's personnel files when deciding how to advise on the decision of Plaintiff's

4   housing location.  See id. at 9.  Specifically, that these actions resulted in the covering of evidence

5   demonstrating a threat to Plaintiff's life.  See id.  Additionally, Plaintiff alleges Defendant

6   Sherman violated Plaintiff's rights by providing false statements on May 8, 2020, to intentionally

7   discredit violent threats Plaintiff faced.  See id. at 10.  Plaintiff also asserts that Defendant Smith

8   participated the above-mentioned conspiracy with other members of leadership at CDCR.  See id.

9   at 11.

10          Next, Plaintiff claims Defendant Smith subjected Plaintiff to false imprisonment

11   for a period of about two months on a falsified quarantine status.  See id.  As a result of

12   Defendant Smith's actions and Defendant Redmon's actions, Plaintiff was subjected to physical

13   assaults and constant harassment through food contaminations.  See id.

14          4.      Defendants Duran, Martinez, and Quezada

15          Plaintiff argues Defendant Duran also failed to protect Plaintiff by failing to move

16   his housing placement after knowing alleged safety risks to Plaintiff.  See id.  Specifically,

17   Plaintiff states Defendant Duran, with Defendant Martinez and Defendant Quezada, had Plaintiff

18   moved on April 5, 2021.  See id.  Plaintiff also alleges Defendant Duran voluntarily distributed

19   Plaintiff's personal information to other inmates.  See id.

20          Plaintiff also asserts Defendant Quezada harassed Plaintiff at his housing unit and

21   instigated other inmates to cause harm to Plaintiff.  See id. at 12.  On November 5, 2021, Plaintiff

22   alleges Defendant Quezada violated Plaintiff's rights to be free from excessive force and sexual

23   assault.  See id.  Specifically, that Defendant Quezada performed sexual acts on Plaintiff's back

24   and choked Plaintiff.  See id.

25   / / /

26   / / /

27   / / /

28   / / /

**C.**     **Request for Relief**

Plaintiff alleges these violations have caused him mental stress, physical injury, loss of education opportunities, and loss of inmate facility program opportunities.  See id. at 12-25.  Plaintiff requests injunctive relief, compensatory damages of $20,000 from each Defendant, and punitive damages of $40,000 against each Defendant.  See id.

## II. DISCUSSION

Plaintiff's complaint suffers multiple defects.  Specifically, Plaintiff has not asserted sufficient factual allegations to establish the liability of Defendant Newsom, Defendant Diaz, and Defendant Allison.  Additionally, Plaintiff's complaint suffers from a lack of allegations beyond mere conclusions and vague assertions connecting the remaining Defendants to any constitutional violations.

**A.**     **Supervisory Personnel**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

/ / /

/ / /

/ / /

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Here, Plaintiff asserts claims against Defendant Newsom, Defendant Diaz, and Defendant Allison.  See ECF No. 1, at 1-4.  In Defendant Newsom's role as California State Governor, Defendant Diaz's role as Former Secretary of CDCR, and Defendant Allison's role as CSP Director, these Defendants are supervisory personnel.  To state a cognizable claim, each defendant must have personally acted in violation of the Constitution or Plaintiff's statutory rights because respnodeat superior is not a cognizable theory under § 1983.  Plaintiff has not alleged facts indicating these defendants' personal involvement in the alleged violations of Plaintiff's rights.  Plaintiff will be provided an opportunity to amend consistent with the standards outlined above.

### B.    Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

1          1.     Defendants Alfaro and Moak

2          In this case, Plaintiff's complaint fails to assert facts sufficiently alleging a

3    connection between the remaining Defendants and violations of his rights.  In the instance of

4    Defendant Alfaro, Plaintiff fails to explain, beyond vague and conclusory statements, what false

5    testimony Defendant Alfaro provided and how it resulted in a subsequent violation of Plaintiff's

6    constitutional rights.  Similarly, Plaintiff fails to explain what information Defendant Moak

7    provided and how this information resulted in a violation of Plaintiff's rights.  For example,

8    Plaintiff's complaint must explain, in greater detail than a simple conclusion, how Plaintiff's

9    allegations regarding Defendant Moak are connected to Plaintiff's allegation of assaults.

10          2.     Defendants Seibel, Sherman, Smith, and Redmon

11          Similarly, Plaintiff has failed to explain how Defendant Seibel provided false

12   testimony and the details of the alleged failure to review Plaintiff's personnel records.  Moreover,

13   Plaintiff should include additional factual allegations explaining how his housing assignment

14   determination constitutes a violation of his constitutional rights.  Regarding Defendant Sherman,

15   Plaintiff's claims are similarly inadequate.  Plaintiff has not explained how  Defendant Sherman

16   intended to discredit any threats to Plaintiff or the validity of these alleged violent threats.

17          Plaintiff's claims against Defendant Smith are also defective.  Plaintiff must allege

18   specific actions or omissions that connect Defendant Smith to Plaintiff's alleged false

19   imprisonment and a conspiracy against Plaintiff.  The allegations against Defendant Redmon are

20   no different. These allegations lack detail and the necessary link between actions of Defendant

21   Redmon and food contaminations that amount to constitutional violations.

22          3.     Defendants Duran, Martinez, and Quezada

23          Lastly, Plaintiff's claims against Defendant Duran, Defendant Martinez, and

24   Defendant Quezada fail to include necessary allegations.  Specifically, Plaintiff has not presented

25   specific allegations regarding any safety risks, how each Defendant knew of these risks, and how

26   these actions constituted violations of Plaintiff's rights.  Furthermore, Plaintiff's complaint lacks

27   the factual allegations explaining the specificity of his housing move and the connections each

28   Defendant had to this decision.  For Defendant Quezada, Plaintiff plainly concludes that

1   Defendant Quezada has violated Plaintiff's rights barring excessive force and assaults but has not

2   explained specific facts regarding Defendant's causal role in the alleged constitutional

3   deprivations.  Plaintiff cannot simply refer to Defendants' behavior in a vague and summary

4   manner.  Plaintiff's complaint must include references to specific wrongful actions and set forth

5   the connection between those actions and the charged violation of Plaintiff's  constitutional

6   rights.  Again, Plaintiff will be provided an opportunity to amend.

7

8                                   **III.  CONCLUSION**

9           Because it is possible that the deficiencies identified in this order may be cured by

10  amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

11  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

12  informed that, as a general rule, an amended complaint supersedes the original complaint.  See

13  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

14  amend, all claims alleged in the original complaint which are not alleged in the amended

15  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

16  Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

17  Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

18  complete in itself without reference to any prior pleading.  See id.

19          If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

20  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

21  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

22  each named defendant is involved, and must set forth some affirmative link or connection

23  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

24  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

25          Finally, Plaintiff is warned that failure to file an amended complaint within the

26  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

27  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

28  with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

1    See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

2                    Accordingly, IT IS HEREBY ORDERED that:

3            1.      Plaintiff's original complaint is dismissed with leave to amend; and

4            2.      Plaintiff shall file a first amended complaint within 30 days of the date of

5    service of this order.

6

7    Dated:  April 16, 2024

8                                                    _____
                                                     DENNIS M. COTA
9                                                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28