**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS MANUEL GARCES,<br>Plaintiff,<br>v.<br>G. NEWSOM, et al.,<br>Defendants. | No. 2:23-cv-1997-ICD-P<br><br>ORDER |

Plaintiff, a prisoner proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has requested leave to amend his First Amended Complaint. ECF No. 35. Plaintiff has submitted with his request a proposed Second Amended Complaint. ECF No. 36.

The Federal Rules of Civil Procedure provide that a party may amend its pleading once as a matter of course no later than 21 days after serving the pleading. Alternatively, if the pleading is one to which a responsive pleading is required, a party may amend its pleading once as a matter of course no later than 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other situations, a party's pleadings may only be amended upon leave of court or by stipulation of all parties. See Fed. R. Civ. P. 15(a). Under this Court's local rules, a motion for leave to amend must be accompanied by a proposed amended complaint filed as an exhibit to the motion. See E. D. Cal. Local Rule 137(c).

Where leave of court to amend is required and properly sought, the Court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits

of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Where a party files an amended complaint without the right to do so, it is properly stricken by the Court. See, e.g., Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (striking fourth amended complaint: "If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect."); Sexton v. Spirit Airlines, Inc., Case No. 2:21-cv-00898-TLN-AC, 2022 WL 976914 (E.D. Cal. Mar. 31, 2022) (striking amended complaint).

Here, Plaintiff filed a motion for leave to amend on February 23, 2026, more than 60 days after this Court granted him a 60-day extension to respond to the Defendants' motion to dismiss. ECF No. 32. Plaintiff's proposed amended complaint essentially restates his previous complaint without pleading new or different facts. See ECF No. 36. Plaintiff presents an extremely long and oftentimes convoluted amended complaint which will not promote a speedy resolution of the case and which may prejudice Defendants by way of further delay. The Court, therefore, finds that leave to amend is not warranted in this case.

Defendants' motion to dismiss Plaintiff's First Amended Complaint will be addressed by separate findings and recommendations.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to amend, ECF No. 35, is DENIED.

2. The Second Amended Complaint, ECF No. 36, which was filed without leave of Court to do so, is STRICKEN.

Dated: September 22, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE